By the Court.
It was held by this court in the case of Reeves v. Skenett, 13 Ohio St., 574, that an appeal did not lie from the court of common pleas to the district court on an order confirming a sale of real estate; and in the case of Aultman v. Seiberling, 31 Ohio St., 201, this court held that an appeal does not lie from a decision of the probate court setting aside or refusing to confirm a sale made by an assignee for the benefit of creditors; but the question as to whether an appeal may be taken from a decree confirming a sale by such assignee, was expressly left open in that ease.
Section 6407, Revised Statutes, is a shade broader than the statute in force when the case of Aultman v. Seiberling, supra, was decided, and the judgment appealed from in this case is more than a simple confirmation of a sale made by an assignee. The judgment appealed from is as follows:
“This cause coming on to be heard on the report of the assignee of the private sale heretofore authorized herein to George Mathers of the assets to him assigned and upon the motion for the confirmation of said sale, and it appearing that the assignee has made and filed an affidavit according to law that said private sale was made after diligent endeavor to obtain the best price for the oropertv *179 sold, and that the sale reported is for the highest price that he could get for the property- sold; and it appearing further that the purchase price and consideration named in the bid has been paid and given by said purchaser according to said bid; and the court being fully advised, it is now ordered that the said sale be, and it is now confirmed and' the assignee is authorized and directed to execute proper instruments of conveyance by deed and bill of sale to the said purchaser of the property so sold as may be necessary fully "to carry out and complete said sale; to all of which F. W. Browne, as assignee of the Ervin Lime Company, excepts.”
It was held in said Aultman v. Seiberling case that an appeal would not lie from an order granting authority under the assignment laws to sell at private sale; and if no appeal lies from the order to sell the real estate at private sale and no appeal from the confirmation of the report and sale, all right of appeal is cut off and section 6407 repealed as to such cases. This cannot be, and we therer fore hold that an appeal lies from the probate court and the court of insolvency to the court of common pleas, from an order decree or judgment confirming a sale of real estate at private sale by an assignee or trustee under the insolvency laws of this state.
The motion in the court of common pleas to dismiss the appeal, was upon the sole ground that “an appeal does not lie from an order confirming- a sale. ” After the case got into this court other questions were for the first time made and argued, but we have treated the case as the parties treated it below, and have not considered or decided the new questions thus attempted to be made.
The judgment of the circuit court, and of the court of common pleas, will be reversed, and the *180 cause remanded to the common pleas for further proceeding’s according’ to law.

Judgments reversed.